**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BRENDA LAGRONE and | § | |
| CECIL LAGRONE | § | |
|      Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2:10-cv-472-JRG |
| v. | § | |
| | § | |
| ARAMARK CORPORATION, et al., | § | |
|      Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Intervene by David Robertson ("Robertson"), *pro se*, the former attorney of record for the Plaintiffs in this case. (Dkt. No. 33.) After carefully reviewing the written submissions, the Court DENIES Robertson's Motion.

Brenda and Cecil Lagrone ("Plaintiffs") filed suit against Aramark Corporation and Aramark Management Services, LP (collectively, "Aramark") on November 10, 2010 alleging negligence through the actions of an Aramark employee on or about July 20, 2010. (Dkt. No. 34.) At the time the suit was filed, Plaintiffs were represented by Robertson, an attorney from Longview, Texas. *Id.* Robertson represented the Plaintiffs as lead counsel in this Action from the time suit was filed until he was disbarred by the State Bar of Texas on or about March 7, 2011. *Id.* After Mr. Robertson's disbarment, Plaintiffs retained Mr. Mark McMahon ("McMahon"), and by Order of this Court, McMahon was substituted as "lead counsel" for the Plaintiffs on May 10, 2011. *Id.* McMahon then represented Plaintiffs as lead counsel until a confidential settlement was reached by the parties on August 8, 2011. *Id.*

On August 15, 2011, Robertson filed a Motion to Intervene asking this Court to Order McMahon to share "fees and expenses performed or incurred [by Robertson] prior to March 9, 2011." (Dkt. No. 33.) Robertson argues that he is entitled to "fees and expenses [for] taxable court costs, expenses of litigation and for time spent herein." *Id.* McMahon acknowledges that Robertson handled much of the discovery in this case, and that he did incur expenses representing the Plaintiff prior to his disbarment. (Dkt. No. 34.) However, McMahon has not – and indeed argues that he may not – entered into any agreement with Robertson to share legal fees, nor has he shared any legal fees with Robertson. (Dkt. No. 34.)

"Under the Texas Disciplinary Rules of Professional Conduct, a lawyer is prohibited from entering into an agreement to share legal fees with a lawyer who is suspended from the practice of law and from sharing legal fees with a suspended lawyer pursuant to such an agreement." *See* Professional Ethics Committee for the State Bar of Texas, Opinion No. 592 (Jan. 2010). Moreover, "[w]here an attorney, prior to the completion of his contingent fee contract is disbarred or suspended, he is not entitled to collect either on the contract or quantum meruit for the services, if any, that have been rendered." *Royden v. Adroin*, 331 S.W.2d 206 (Tex. 1960) (noting that disbarment or suspension "is considered tantamount to and to have the same effect as a voluntary abandonment."); *see also A.W. Wright & Assoc., P.C. v. Glover, Anderson, Chandler & Uzick, LLP*, 993 S.W.2d 466, 469 (Tex. App.–Houston [14[th] Dist] 1999, pet. denied) (discussing *Royden* as holding "that where an attorney is disbarred or suspended prior to the completion of his contingent fee contract, he is not entitled to collect fees for his services that had been rendered."); *Lee v. Cherry*, 812 S.W.2d 361, 363-64 (Tex. App.–Houston [14[th] Dist.] 1991, writ denied).

In this case, it is undisputed that Robertson was disbarred – and that his involvement in this case ended – before Plaintiffs' claims were settled. Therefore, Robertson's disbarment has the same effect as a voluntary abandonment and he is not entitled to collect on any contract, contingent fee arrangement, or for quantum meruit for services rendered on behalf of the Plaintiffs. *See Royden*, 331 S.W. 2d at 206. Because Robertson has no legitimate claim to the settlement paid in this case, the Motion to Intervene is DENIED.

**So ORDERED and SIGNED this 24th day of February, 2012.**


_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE